# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>           **Plaintiff,**<br><br>v.<br><br>**JONATHON L. CORDIER,**<br><br>           **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:06-cr-00626-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's requests [ECF Nos. 74 and 75] to be released to home confinement. In 2008, Defendant pleaded guilty to one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a). In March 2019, this court sentenced Defendant to 240 months imprisonment and supervised release for life. Defendant now requests that, based on "extraordinary and compelling" circumstances, the court release him to serve the remainder of his sentence in home confinement because he suffers from several health issues that put him at a greater risk of severe complications if he were to contract COVID-19.

## DISCUSSION

18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment pursuant to a motion seeking such relief. "Prior to the enactment of the First Step Act, only the [Federal Bureau of Prisons] could" file a motion for compassionate release or sentence modification under 18 U.S.C. § 3582(c)(1)(A). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). The First Step Act, however, modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file the motion with the court him or herself. *Id.* Nevertheless, before a defendant can file a motion, it is required that the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If that requirement is satisfied, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.*

In this case, Defendant seeks to be released to home confinement because he suffers from several health-related ailments. Defendant cites the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") as the basis for his motion. In addition, although Defendant does not address § 3582, he emphasizes the phrase "extraordinary and compelling" circumstances. The court will therefore construe his request as a motion for compassionate release pursuant to § 3582.

As stated above, § 3582 imposes certain exhaustion requirements before a defendant can file a motion for compassionate release. Here, Defendant states that he has commenced the administrative process to be released. He further asserts that the warden of his facility denied his request to be released. Beyond these assertions, Defendant provides no additional information to indicate whether he has exhausted his administrative remedies. The court therefore concludes that Defendant has failed to demonstrate that he has satisfied the exhaustion requirements. Accordingly, the court denies Defendant's request as insufficient and untimely. And, to the extent that the exhaustion of administrative remedies must occur before this court has jurisdiction, the court dismisses Defendant's motion for lack of jurisdiction.

As for Defendant's request to be released to home confinement pursuant to the CARES Act, "the court lacks any authority to order that [Defendant] serve the remainder of [his] sentence . . . by home confinement." *United States v. Machuca-Quiintana*, No. 12-10085-JTM, 2020 WL 3047596, at *5 (D. Kan. June 8, 2020) (unpublished). While the CARES Act grants broader

discretion to the Director of the Bureau of Prisons to utilize home confinement, it does not grant this court authority or jurisdiction to do the same. *United States v. Carter*, No. CR 12-20066-38-KHV, 2020 WL 2523294, at *2 (D. Kan. May 18, 2020) (unpublished). This is because "[BOP]—not the Court— . . . decides whether home detention is appropriate." *United States v. Ward*, No. CR-13-42-R, 2020 WL 2089826, at *2 (W.D. Okla. Apr. 30, 2020) (unpublished) (quoting *United States v. Boone*, No. CR-18-144-R, Doc. 52, p. 3 (W.D. Okla. Nov. 20, 2019)).

## CONCLUSION

Based on the foregoing reasoning, Defendant's requests [ECF Nos. 74 and 75] to be released to home confinement for the remainder of his sentence are hereby DENIED as insufficient and premature and DISMISSED for lack of jurisdiction.

Dated this 24th day of June, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge